Everyone is busy and courts are no exception. A neighborhood experiences a baby boom, and the school bus driver has more kids to pick up. The grocery store has a sale on pork chops and the butcher must cut faster. A holiday falls on Monday, and the trash-hauler must do five days work in four days. Everyone is busy, and that is the constant.
In the court system, however, the stakes are high, particularly when everyone is busy. The victim demands swift and certain justice. And the defendant demands his day in court. The majority correctly points out that the trial court has the discretion to manage the flow of a trial, and this court will not disturb that function absent an abuse of discretion.
In the instant matter, a felony trial was conducted to determine the guilt or innocence of the defendant. An out-of-town lawyer was brought in and, as an initial matter, he was told that ten minutes would be an adequate amount of time to voir dire the jury. That simply is not true. A victim demands justice, and a citizen is about to lose his liberty. Ten minutes is not, as a matter of law, sufficient time to allocate to the critical proceeding which will determine the membership of the jury. By declaring that ten minutes will be allocated to voir dire, the court is elevating the testimony of witnesses, who occasionally can drone on for hours, above the jury selection process. As a matter of law, an across-the-board declaration that voir dire shall be accomplished in ten minutes is unreasonable per se.
Of equal importance to a fair trial is the amount of time allocated for counsels' closing arguments. Days of testimony must somehow be brought into focus. There is no reliable formula for evaluating how long that process will take. In a humane society, would we permit a hospital to dictate to a doctor that "the operating room is all yours, so long as you and your patient are out of there in ten minutes"? Of course not. Why? Because we entrust our very lives to doctors, and when they say they need hours for surgery, that is what they get. Why would a defense lawyer be any different? Within reason, counsel must be given the amount of time they require to do their jobs. A man is going to prison for years. This was his day in court. Everyone was busy. But courts must not be permitted to even suggest that the press of business is more important than a fair trial.
I would reverse the matter for a new trial, for I believe the trial court committed an abuse of discretion when it limited an out-of-town lawyer to an unreasonably short amount of time in both jury selection and closing argument. Quick is one thing. Thorough is quite another.